In the Matter of EUGENE H. NICKERSON, as County Executive of Nassau County, Petitioner, *v.* ELBERT J. MANDEVILLE, as Clerk of the Board of Supervisors of Nassau County, et al., Respondents.

Supreme Court, Special Term, Nassau County, November 28, 1966.

*Morris H. Schneider, County Attorney* (*L. Charles Leonard* of counsel), for petitioner. *Harold E. Collins* for respondents.

MARIO PITTONI, J. The main issue is whether the Nassau County Vocational Education and Extension Board (hereinafter referred to as VEEB) is a county board whose members are appointed by the County Executive of Nassau County or a body appointed by the Board of Supervisors of the county.

If VEEB is a county board, then under the Nassau County Charter (Nassau County Government Law, § 203; L. 1937, ch. 618, as amd.) the County Executive has the power to appoint its members. Section 203 reads in part as follows: "The county executive * * * shall appoint, * * * subject to confirmation by the board of supervisors, * * * members of county boards ".

If VEEB is not a county board, then section 203 does not apply and the Board of Supervisors has the power to appoint pursuant to the State Education Law (§ 1101, subd. 2).

Under the pertinent section of the Education Law passed many decades ago, and clearly many years before the Nassau County Charter of 1938, the Nassau County Board of Supervisors in 1928 created the VEEB of Nassau County, and pursuant to that same law appointed the members of VEEB. The Education Law specifically said and says it shall be known as the VEEB "of the County of———", and that the members shall be appointed by the Board of Supervisors of the county. However, it must be kept in mind that when section 1101 of the Education Law was enacted County Executives, as we now have them in a few counties of the State, were unknown and county boards of supervisors were both the executive and legislative bodies of their respective counties. Section 1101 was intended to give appointive powers to the executive head of each county, and at that time, the executive head of each county was the Board of Supervisors. In fact, most counties outside the cities still retain that antiquated supervisors' form of government, and only six counties, Erie, Nassau, Oneida, Onondaga, Suffolk and Westchester, have county executives as their administrative heads. (See N. Y. Legis. Manual, 1965–1966, p. 980.)

When there is a conflict between laws applicable generally throughout the State and a specific county charter, as in this case, the specific county charter controls. (County Law, § 2, subd. [b]; 1 McKinney's Cons. Laws of N. Y. Book 1, Statutes, § 397.)

I am a firm believer in reading the English language as it is written. Subdivision 2 of section 1101 of the Education Law

does not say, as it could have, " for the County of Nassau " or " in the County of Nassau ". It does say " The Vocational Education and Extension *Board of the County of* ————". (emphasis added). Therefore, VEEB is a county board.

I note that the attorney for the respondents has quoted from an opinion dated April 29, 1948 from a distinguished County Attorney then in office, and I respect his opinion. However, my decision is based upon the litigated matter before me and after a thorough study of that opinion, the laws themselves and the two excellent briefs provided by petitioner's and respondents' attorneys.

I hold that VEEB is a county board and that, under section 203 of the County Government Law of Nassau County, the County Executive has the power and duty to appoint members of the Nassau County Vocational Education and Extension Board.

Accordingly, judgment is granted for the relief requested in the petition and order to show cause dated August 22, 1966 (CPLR, art. 78).